946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David L. TUCKER; Phillip L. Morris, Plaintiffs-Appellants,
and
Bobby E. Moore; Willie L. Brooks; Richard L. James;
Dallas S. Staples; Harvey L. Bush; Larry R. Walters;
George L. Henderson; James L. Johnson; Maxwell R. Lewis;
Romie C. Lovejoy; Terry D. Sayre; Charles D. Vance; Gary
R. Kessell; Richard L. Shorte; Reconald R. Adkins; Thomas
K. West; Wilber N. Moss; Richard E. Parsons; Roger D.
Snead; John T. Pottoroff, Plaintiffs,
v.
The CITY OF CHARLESTON, WEST VIRGINIA, a municipal
corporation; Charles R. Gardner, in his official capacity
as Mayor for the City of Charleston; Edward N. Garnett, in
his official capacity as Chief of Police for the City of
Charleston; the Police Civil Service Commission for the
City of CHARLESTON, and its members; Charles H. Jones, III;
Harold R. Neal; Edward N. Garnett, Defendants-Appellees.
 No. 90-1872.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 18, 1991.
Decided Oct. 22, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge.
 (CA-89-1162-2)
 Michael T. Clifford, Clifford & Mann, L.C., Charleston, W.Va., for appellant.
 Steven P. McGowan, Steptoe & Johnson, Charleston, W.Va. for appellees.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, SPROUSE and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 David Tucker and Phillip Morris appeal from the district court's order denying their motion for declaratory judgment and injunctive relief and dismissing their action. We affirm.
 
 
 2
 Tucker and Morris are white police officers employed by the Charleston, West Virginia, Police Department. They applied for but did not receive promotions in 1989. They filed this action against the City of Charleston, its mayor, police chief, and the police department's civil service commission, seeking a declaratory judgment that their state and federal constitutional rights were violated because the promotional evaluations were made in violation of state law and civil service regulations.[1] Tucker and Morris also sought an injunction preventing the promotion of those made eligible under the allegedly improper evaluation process.
 
 
 3
 The district court found that the defendants properly relied upon a prior federal consent decree entered into by the city and civil service commission. The consent decree altered the method for evaluating candidates for promotion in the department. The district court also found that the methods outlined in the consent decree did not violate West Virginia state law. The district court found that even though the process mandated by the consent decree was not consistent with the city's civil service commission regulations, the consent decree took precedence over the regulations.
 
 
 4
 The consent decree was entered by a federal district court prior to the events forming the basis for this case. Neither Tucker nor Morris were parties to that decree. The decree resolved two actions brought by black police officers and firemen of Charleston. The decree established, among other things, that promotions in the police department to non-entry level positions would be based solely on the applicant's total score on a written examination added to allowable time-inservice credit, less a deduction of points for time in suspended status. The time-in-service credit was calculated at a rate of 1.66 points for each year of service to a maximum of fifteen years or twenty-five points, whichever was greater. The written exam score counted for seventy-five percent of the total score and the time-in-service credit accounted for twenty-five percent of the total score.
 
 
 5
 The decree modified the existing procedures for ranking the candidates. It deleted a provision for a performance appraisal which formerly accounted for thirty percent of the applicant's total score. The remaining percentage was accounted for by a written exam (fifty percent) and a seniority score (twenty percent). Under the regulations, the seniority score was limited to consideration of fifteen years of service, just as the consent decree mandated. In addition, the regulations provided for a downward adjustment for time spent in a suspended status and an upward adjustment for official citations or commendations.
 
 
 6
 In 1989, the Supreme Court affirmed the Eleventh Circuit's holding that third parties' independent claims of unlawful discrimination were not precluded by the existence of a consent decree and that subsequent unlawful discrimination challenges to the decree should be tested by the two-part test set forth in Johnson v. Transportation Agency, Santa Clara County, 480 U.S. 616 (1987). Martin v. Wilks, 490 U.S. 755 (1989), aff'g In re Birmingham Reverse Discrimination Employment Litig., 833 F.2d 1492 (11th Cir.1987). The first prong of this test asks whether the decree was justified by the existence of a manifest imbalance that reflected the underrepresentation of minorities in traditionally segregated job categories. In re Birmingham, 833 F.2d at 1500. The second prong of the test asks whether the decree unnecessarily trammels the rights of non-minorities or creates an absolute bar to their advancement. Id.
 
 
 7
 On appeal, Tucker and Morris do not contest the district court's finding that the consent decree was properly justified. Rather, they assert that the consent decree unnecessarily trammels their rights because it violates state law.
 
 
 8
 We agree with the district court that the absence of a performance appraisal from the procedures mandated by the consent decree does not violate W.Va.Code § 8-14-17 (1990 Repl.Vol.). Tucker and Morris contend that Bays v. Police Civil Serv. Comm'n, 364 S.E.2d 547 (W.Va.1987), requires a performance appraisal to comply with the statute. However, Bays merely held that the statute required that a written exam, previous service, and experience must all be considered in the promotion process. The department in Bays was relying solely on the written exam to screen out candidates and the court held that reliance on one factor violated the statute. Bays did not mandate a performance appraisal in order to comply with the statute. The district court did not err in concluding that the method outlined by the consent decree considers all the factors required by the statute.
 
 
 9
 Tucker and Morris also argue that the consent decree violates state law because it limits consideration of seniority to a maximum of fifteen years of service. Both Tucker and Morris have over fifteen years of service. The district court did not address this particular issue and we have searched the record to no avail to find whether this issue was raised below. Normally, this Court does not address issues that the record fails to show were raised below unless it is necessary to reach the correct result and the record provides an adequate basis for consideration on the merits.[2] Washington Gas Light Co. v. Virginia Elec. and Power Co., 438 F.2d 248, 251 (4th Cir.1971). See United States v. One 1971 Mercedes Benz, 542 F.2d 912, 915 (4th Cir.1976). We will assume, for the purpose of determining whether consideration of this issue is necessary to reach the correct result, that the decree is inconsistent with the statute on the seniority points issue. See Habursky v. Recht, 375 S.E.2d 760 (W.Va.1988) (statute clearly implies consideration of the total number of years of service). Nevertheless, this does not lead to the conclusion that the decree trammels the rights of Tucker and Morris.
 
 
 10
 Factors relevant to the determination of whether the decree trammels rights are whether it requires the discharge of non-minority workers and their replacement with minority workers; whether it creates an absolute bar to the advancement of the non-minority workers; and the expected duration of the decree. See Johnson, 480 U.S. at 637-38; United Steelworkers v. Weber, 443 U.S. 193, 208 (1979). The decree at issue here does not require the discharge of nonminority workers, does not create an absolute bar to the advancement of the non-minority workers, and the decree is limited in its duration. Therefore, the decree does not trammel rights under this analysis.
 
 
 11
 In addition, a violation of state law would not itself relieve Tucker and Morris from the operation of the consent decree. State law must yield to federal law to overcome the effects of past discrimination. See Badgley v. Santacroce, 800 F.2d 33, 38 (2d Cir.1986), cert. denied, 479 U.S. 1067 (1987); Kirkland v. New York Dep't of Correctional Servs., 711 F.2d 1117, 1132 n. 18 (2d Cir.1983), cert. denied, 465 U.S. 1005 (1984); Hoots v. Pennsylvania, 672 F.2d 1124, 113132 (3d Cir.1982); Carter v. Gallagher, 452 F.2d 315, 328 (8th Cir.1971), cert. denied, 406 U.S. 950 (1972). Therefore, even if the seniority provision in the consent decree violates the West Virginia state statute, it does not change the conclusion that Tucker and Morris failed in their attempt to attack the decree because the decree does not trammel their rights.
 
 
 12
 We also reject Tucker and Morris's argument that the decree trammels their rights because they were not given adequate notice of the provisions of the consent decree. We agree with the district court that the officers were given adequate notice because the police department noticed the time of written examinations and in that notice stated that the consent decree and regulations would guide the testing and evaluation procedures.
 
 
 13
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The complaint was originally filed in state court but was removed to federal court on the motion of defendants. Appellants do not challenge the propriety of removal on appeal
 
 
 [2]
 Tucker and Morris also contend that the City of Charleston and the civil service commission had no jurisdiction to enter into the consent decree. The record also fails to show that this argument was raised below. In a hearing before the district court, counsel for Tucker and Morris agreed that because the city and commission had signed the decree that it had general applicability to them. No argument was made of a lack of jurisdiction to enter into the decree. Tucker and Morris cited no authority showing a lack of jurisdiction and we are not persuaded that a lack of jurisdiction existed